[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties were married on April 11, 1990 in Jamaica. They have been separated since 1998, and have no children who are issue of the marriage. The wife has some health difficulties, while the husband is nearing his normal retirement age.
The plaintiff has lived in the United States since 1971 and became a citizen January 14, 1992. Since 1977, he has been a sheet metal worker at Hamilton Standard. When the defendant came to the United States some months after the marriage, she initially worked as a home health aide at a private home. Later, she received a certificate as a nursing assistant and became eligible to work at nursing homes, which she has done since. They experienced some difficulty in 1993 when the defendant's sixteen year old daughter, then recently arrived from Jamaica, made some false accusations against the defendant. While the tension of living with that daughter never completely went away for the plaintiff, the parties continued to reside together, sometimes with the daughter and other times without her.
In 1994, the parties purchased a house using just under $9,000.00 from the wife's savings to provide the necessary down payment. The source of the funds is clear, but the manner in which they were saved is illustrative of the complex financial relationship between the parties. During the seventeen months that she held the job in the private home, the wife received $450.00 per week as salary. There is no evidence that the sum was reported for tax purposes. From that sum, she gave $50.00 to the husband toward his rent. She sent $800.00 to Jamaica each month, for a total of $13,600.00.[1] That left her approximately $900.00 per month. She resided at the house where she worked throughout the week and with her husband on weekends, and testified that she didn't have any significant expenses. From the evidence, it is easy to infer that she saved most of the remaining $900.00 per month, keeping the money in cash in her home, while the husband bore most of the expenses of maintaining his household.[2] She never told the husband that she was saving money until it came time to purchase the house. In addition to the sums she was sending to Jamaica in 1990 and 1991, she also deposited reasonably large sums there between 1993 and 1998. While she testified that these were for her daughter's school expenses, they were made at a time when her CT Page 13458-p daughter was residing in the United States with the parties. The defendant was totally lacking in credibility or candor regarding her finances.
The plaintiff withdrew approximately $18,000.00 from his Hamilton Standard 401k plan in 1997 and 1998. The defendant claims a portion of this money, as well as a portion of the $24,322.00 that remained as of June 1, 2001. While he testified that he used the money to repay an Internal Revenue Service lien which resulted from his improper deduction of his children over four years prior to the marriage, it is clear that some of the money was used for other purposes including on-going expenses. The husband's credibility is not as diminished as the wife's, but he is not a reliable historian concerning financial matters.
The court has considered the statutory criteria relative to alimony, attorney fees, and property distribution together with relevant case law. The court has also evaluated the testimony, demeanor, and credibility of the parties and the documentary exhibits. Based upon all the foregoing and the court's finding of facts, the court makes the following orders.
1. The marriage of the parties has broken down irretrievably, and is hereby dissolved.
2. The husband shall quit claim to the wife all of his right, title and interest in and to the parties' jointly held realty at 11 Hatchett Road, Windsor, Connecticut. The wife shall hold the husband harmless and indemnify him from any expense relating to said property, including but not limited to attorney fees and court costs.
3. The husband shall pay the wife the sum of $95.75 for her costs in connection with a pendente lite motion, and shall pay her $150.00 for unpaid pendente lite alimony together with any pendente lite alimony that was unpaid between the date of the trial and the date of the judgment.
4. The defendant shall have all the bank accounts listed on her financial affidavit or introduced into evidence free of any claim by the husband, including accounts in Jamaica. Any undisclosed accounts are not subject to this order, and may be the subject of further proceedings.
5. Both parties shall keep any personal property and automobiles they presently have, except that the wife shall cause the husband to receive the personal property listed on his claims for relief. Each party will execute any documents necessary to transfer title to the motor vehicles. CT Page 13458-q
6. Each party shall be responsible for and shall indemnify and hold the other harmless, including costs of defense, on account of the debts listed on their respective financial affidavits, and for any unpaid federal or state income taxes for the years 1996 through 2001 inclusive.
7. Each party shall keep his or her own pensions, 401k plans, and other retirement vehicles free of any claim by the other.
8. Neither party shall pay alimony to the other.
Judgment shall enter accordingly.
BY THE COURT,
GRUENDEL, J.